PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KEVIN LAMONT WALKER, | CASE NO. 4:14CV00075 |
| Petitioner, | |
| v. | JUDGE BENITA Y. PEARSON |
| UNITED STATES OF AMERICA, | **MEMORANDUM OF OPINION AND ORDER** |
| Respondent. | |

On January 10, 2014, petitioner *pro se* Kevin Lamont Walker filed the above-captioned habeas corpus action under 28 U.S.C. § 2241. Petitioner challenges the sentence imposed on him in the United States District Court for the Eastern District of Virginia. He asserts he is "actually innocent" because his counsel was ineffective for failing to properly argue that petitioner's terms of supervised release should have been run concurrently. For the reasons stated below, the petition is denied and this action is dismissed.

Habeas corpus petitions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence, while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Section 2255 provides in pertinent part:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears

>that the remedy by motion is inadequate or ineffective to test the
>legality of his detention.

28 U.S.C. § 2255(e).

Under highly exceptional circumstances, a federal prisoner may challenge his conviction and the imposition of his sentence under § 2241, instead of § 2255. See 28 U.S.C. § 2255(e); Charles v. Chandler, 180 F.3d 753, 755–56 (1999). Section 2255 provides a safety valve whereby federal prisoners may bring such a § 2241 claim if it appears the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." United States v. Hayman, 342 U.S. 205, 209, 72 S.Ct. 263, 96 L.Ed. 232 (1952); In re Hanserd, 123 F.3d 922, 929 (6th Cir.1997). This "savings clause" applies when the failure to allow some form of collateral review would raise "serious constitutional questions." Frost v. Snyder, 13 Fed Appx. 243, 248 (6th Cir. 2001) (quoting Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)). It is the prisoner's burden to prove the remedy under § 2255 is inadequate or ineffective. See Charles, 180 F.3d at 756. The remedy under § 2255 is not rendered inadequate or ineffective simply because a petitioner has already been denied relief under § 2255, because the petitioner has been denied permission to file a second or successive motion to vacate, or because the petitioner has allowed the one-year statute of limitations to expire. *Id*. at 756–58.

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence. Bannerman v. Snyder, 325 F.3d 722, 724 (6th Cir.2003); United States v. Peterman, 249 F.3d 458, 462 (6th Cir. 2001) ("[C]laims do not fall within any arguable construction of ... [the savings clause when] defendants have not shown an intervening change in the law that establishes their actual innocence."); Charles, 180 F.3d at 756–57 (collecting cases); *see also* Martin v. Perez, 319 F.3d 799, 804 (6th Cir.2003). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law that establishes a prisoner's actual innocence of a crime. See Martin, 319 F.3d at 804; Peterman, 249 F.3d at 462. Secondly, "actual

-2-

innocence means factual innocence, not mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting in *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).  In other words, petitioner must point to a decision holding that a substantive criminal statute no longer reaches certain conduct, i.e, that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (*quoting Davis v. United States*, 417 U.S. 333, 346 (1974)).  *See, e.g., Bailey v. United States*, 516 U.S. 137, 150–151 (1995) (prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when Supreme Court redefined "use" in a restrictive manner).

Petitioner seeks to raise issues that could and must be raised in a § 2255 motion.  The petition sets forth no reasonable suggestion of a proper basis on which to instead raise these issues pursuant 28 U.S.C. § 2241, or that "serious constitutional questions" require further consideration of his claims.

Accordingly, the petition is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243.  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


 May 16, 2014                                              */s/ Benita Y. Pearson*
Date                                                       Benita Y. Pearson
                                                           United States District Judge